IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY HOLMAN, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:22-CV-2825-B-BK |
| | § | |
| LOUIS DEJOY, POSTMASTER GENERAL, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned magistrate judge for pretrial management. For the reasons stated here, this action should be **DISMISSED** due to Plaintiff's failure to timely effect service of process on Defendant.

## I. PROCEDURAL HISTORY

On December 16, 2022, Plaintiff filed this *pro se* action against Defendant, in his official capacity as Plaintiff's employer, alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964. Doc. 3 at 3; Doc. 8 at 3. Specifically, Plaintiff contends that Defendant failed to promote him in April 2021 and January 2022.[1]  Doc. 3 at 3.

Plaintiff paid the Court's $402.00 filing fee and, as such, was responsible for serving summons and his complaint on Defendant within 90 days, as required by Rules 4(c) and 4(m) of

---

[1] The Equal Employment Opportunity Commission ("EEOC") determined that Plaintiff had not filed a failure-to-promote claim with respect to the January 2022 position, and his April 2021 failure-to-promote claim was untimely. Doc. 8 at 10-11. Indeed, the undersigned denied Plaintiff's request for appointed counsel partly because his case was not "sufficiently meritorious." Doc. 12 at 1.

the Federal Rules of Civil Procedure. Plaintiff did not request the issuance of summons, however. Accordingly, in February 2023, the Court ordered Plaintiff to effect service of process on Defendant and warned him that failure to do so may lead to this action being dismissed pursuant to Rule 4(m). Doc. 11.

On April 7, 2023, the Clerk issued a summons to Defendant, but it was returned unexecuted on April 28, 2023. Doc. 13; Doc. 14. Plaintiff's process server avers that he attempted to personally serve Defendant at 475 L'Enfant Plaza SW, Washington DC 20260, but was informed that Defendant must be served "outside the agency."[2] Doc. 14.

On July 10, 2023, the undersigned *sua sponte* granted Plaintiff "one additional opportunity to fully comply with Rule 4." Doc. 15 at 1. To that end, the Court ordered Plaintiff to file documentation showing proper service on Defendant in accordance with Rule 4 by July 28, 2023. *See* Doc. 15 at 1 (citing Rule 4(i)(1)-(2)'s requirements that a party suing a federal officer in an official capacity must serve the local United States Attorney and send a copy of the summons and complaint by registered or certified mail to both the United States' Attorney General and the defendant agency). The Court admonished Plaintiff that if he failed to comply, his case would be dismissed without prejudice. Doc. 15 at 1-2.

The next day, the Clerk again issued summons to Defendant. Doc. 16. The appended documents further instructed Plaintiff that copies of the summons and complaint must (1) either (a) be delivered to the United States Attorney for the Northern District of Texas or an appropriate designee *or* (b) be sent by registered or certified mail to the civil process clerk at the Office of the United States Attorney for the Northern District of Texas at the specified address; *and* (2) be

---

[2] The 475 L'Enfant Plaza address is the United States Postal Service's headquarters. https://perma.cc/D6PM-8KV9.

2

sent by registered or certified mail to the Attorney General at 950 Pennsylvania Avenue NW, Washington, D.C. 20530. Doc. 16 at 3, 5.

On July 25, 2023, Plaintiff filed an unexecuted proof of service. Doc. 17 at 1. The process server avers that he attempted to personally serve Defendant at the Pennsylvania Avenue address but was informed that "in person service is not permitted, documents must be sent in through certified mail." Doc. 17 at 1. Postal service tracking information is also attached to the proof of service, but there is no indication that the documents were sent via certified or registered mail—indeed, the documents reflect delivery only to the "Front Desk/Reception/Mail Room" in the 20530 zip code. Doc. 17 at 2. In short, Plaintiff has failed to effectuate service of process in accordance with Rule 4(i) because he has not properly served Defendant, the United States Attorney for the Northern District of Texas *or* the Attorney General.

## II. APPLICABLE LAW

A plaintiff must ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). If, as here, a plaintiff does not serve a defendant within 90 days after the complaint is filed, the court must—after notice to the plaintiff—"dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). "[W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted). Actions, or the lack thereof, "that fall into the categories of inadvertence, mistake, or ignorance" of the law are not a sufficient showing. *Id.* at 646.

Further, "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of*

3

*Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (footnotes omitted) (affirming the dismissal of a *pro se* complaint due to the plaintiff's failure to perfect service). The Court nevertheless retains discretion to extend the time for service even in the absence of good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

### III. ANALYSIS

Plaintiff's latest effort to serve Defendant is insufficient as described above. Plaintiff has not attempted to show good cause for failing to properly effect service even though this case has been pending for ten months and he was warned that his failure to do so will result in the dismissal of this case. *Kreimerman*, 22 F.3d at 645-46. At this point, the Court concludes that Plaintiff cannot or will not comply with the Court's orders and Rule 4's requirements. Because Plaintiff has had numerous opportunities to properly serve Defendant, he has not shown good cause for his failure to do so, and an additional extension of time is not warranted, dismissal of this case without prejudice is appropriate. *See Pennie v. Obama*, 255 F. Supp. 3d 648, 656 (N.D. Tex. 2017) (dismissing case without prejudice pursuant to Rule 4(m) due to plaintiffs' failure to properly effect service of process despite being granted numerous extensions of time).

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations would prevent a party from refiling their case. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). Here, the actions underlying Plaintiff's complaint occurred in April 2021 and January 2022. A federal employee, such as Plaintiff, must file a Title VII employment discrimination lawsuit within 90 days of the final EEOC decision on appeal. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. In this instance, the EEOC issued its final decision with respect to the allegedly discriminatory acts on September 26, 2022. Doc. 8 at 10-13. The 90-day limitations period thus expired on December 26, 2022, ten

4

days after Plaintiff filed this action.  As such, dismissal of this case without prejudice would thus have the same effect as a dismissal with prejudice.  *Millan*, 546 F.3d at 326.

Courts still may dismiss an action for failure to comply with Rule 4(m) under these circumstances.  *See Lozano v. Bosdet*, 693 F.3d 485, 489-90 (5th Cir. 2012).  Dismissal is warranted where there is "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the ends of justice." *Thrasher*, 709 F.3d at 513 (citation omitted).  Additionally, there must generally be a showing that the delay "(1) was caused by the plaintiff himself, as opposed to by counsel; (2) resulted in actual prejudice to the defendant; or (3) was caused by intentional conduct." *Lozano*, 693 F.3d at 490.  Moreover, the delay must be for "longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Thrasher*, 709 F.3d at 513 (citation and quotations omitted).

As recounted above, the Court has given Plaintiff multiple opportunities to timely effect service of process on Defendant and instructed him how to properly do so.  Plaintiff has ignored these directives and generally failed to comply with Rule 4.  Because Plaintiff is proceeding *pro se*, the delay caused by his intentional non-compliance is attributable to him alone. *Id.* at 514.  Moreover, given that the case already has been pending for nearly a year, the undersigned finds that any further delay in resolving this matter will result in actual prejudice to Defendant. *Id.*; *see generally Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. 1981) (noting that a delay between filing a complaint and effecting service of process is particularly serious because it deprives defendants of notice and impacts their ability to prepare a defense).

Considering Plaintiff's intentional failure to comply with Rule 4 and the Court's orders despite generous allotments of time, and accounting for the age of the case and the prejudice to

5

Defendant, the undersigned finds that no lesser remedy than dismissal will suffice. *See Thrasher*, 709 F.3d at 513-14 (affirming dismissal of action where the plaintiff did not attempt to effect service until four months after filing his complaint and only after being ordered to do so, his subsequent attempt at service was improper, and he then missed a final service deadline and failed to timely respond to a motion to dismiss based on insufficient service).

## IV.  CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on November 1, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).